IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVEN C.,[1]   )
               )
   *Plaintiff,* )
               )
   v.          )   Civil No. 3:24-cv-322-MHL-SLS
               )
LELAND DUDEK,[2] )
Acting Commissioner of Social Security, )
               )
   *Defendant.* )

## MEMORANDUM OPINION

Plaintiff Steven C., proceeding *pro se*, filed this action challenging the Commissioner of the Social Security Administration's ("SSA") decision to deny his Title II application for disability insurance benefits. (ECF No. 3.) This matter comes before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment (ECF Nos. 8, 9) and on Plaintiff's Motion for Summary Judgment (ECF No. 15).

Defendant raises two arguments for dismissal of Plaintiff's claims. First, Defendant contends that the Commissioner of Social Security is the only proper defendant in a social security appeal. Because Plaintiff names only the Disability Determination Services, Defendant argues that Plaintiff's Complaint should be dismissed in its entirety for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Second, Defendant argues that summary

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

[2] Although the Complaint names the Disability Determination Services as Defendant in this action, the Court will order that Leland Dudek, the Acting Commissioner of Social Security, and the only proper defendant in a social security appeal, be substituted as Defendant and the Disability Determination Services be dismissed for the reasons stated below.

judgment should be granted in its favor under Rule 56 of the Federal Rules of Civil Procedure due to Plaintiff's failure to exhaust administrative remedies.

Plaintiff also filed a Motion for Summary Judgment, asking that judgment be entered in his favor on the merits of his disability claim. (ECF No. 15.) Defendant opposes, arguing that Plaintiff's motion should be denied because "the Court lacks jurisdiction for want of the proper defendant" and because "Plaintiff has failed to exhaust his administrative remedies . . . ." (ECF No. 16, at 2.)

The motions have been fully briefed (ECF Nos. 10, 13, 14, 15, 16), making them ripe for disposition. For the reasons articulated below, the Court will GRANT IN PART Defendant's Motion to Dismiss for Lack of Jurisdiction. (ECF No. 8.) Specifically, the Court will DISMISS the Disability Determination Services from this action as an improper defendant, but instead of dismissing the action in its entirety on that basis, the Court will substitute the Commissioner as the proper defendant with respect to Plaintiff's claims. Further, the Court will GRANT Defendant's Motion for Summary Judgment (ECF No. 9) and DISMISS WITHOUT PREJUDICE Plaintiff's claims based on Plaintiff's failure to exhaust administrative remedies. Because the Court will dismiss Plaintiff's claims based on his failure to exhaust administrative remedies, the Court will DENY Plaintiff's Motion for Summary Judgment. (ECF No. 15.)

## I. Standard of Review

### A. Rule 12(b)(1) Standard

When a motion to dismiss challenges the Court's subject matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. Feb. 2, 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189

2

(1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Where, as here, a motion to dismiss under Rule 12(b)(1) asserts that the complaint fails to state a claim upon which subject matter jurisdiction can lie, the Court assumes the truth of the facts alleged by Plaintiff. *See id.* (citing *Adams*, 697 F.2d at 1219).

**B.      Rule 56 Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that might affect the outcome of a party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hogan v. Beaumont*, 779 F. App'x 164, 166 (4th Cir. 2019). A genuine issue concerning a material fact arises when the evidence is sufficient to allow a reasonable trier of fact to return a verdict in the party's favor. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 248. The non-moving party must present some evidence other than conclusory or speculative allegations or a "mere scintilla of evidence" to survive summary judgment. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). At the summary judgment stage, the Court views the facts presented by the evidence, and reasonable inferences therefrom, in the light most favorable to the non-moving party. *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (citing *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018)).

### C. Standard for *Pro Se* Litigants

Pleadings filed by *pro se* litigants should be afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Similarly, "appearing pro se does not relieve plaintiffs of the obligation to comply with the Federal Rules of Civil Procedure." *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021). As the Fourth Circuit articulated in *Beaudett v. City of Hampton*, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." 775 F.2d 1274, 1278 (4th Cir. 1985). "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276.

## II. Undisputed Facts

On March 14, 2022, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income. (Declaration of Ari Levin, Court Case Preparation and Review Branch, Office of Appellate Operations, Social Security Administration ("Levin Decl.") at ¶ (3)(a) & Ex. 1 (ECF No. 10-1, at 3, 5-9)[3].) On March 7, 2023, the SSA denied Plaintiff's claims at the initial level. (Levin Decl. at ¶ 3(a) & Ex. 2 (ECF No. 10-1, at 4, 10-18).)

---

[3] The Court uses the pagination generated by CM/ECF rather than the pagination in the underlying documents.

4

On March 13, 2023, Plaintiff filed a request for reconsideration. (Levin Decl. at ¶ 3(b) & Ex. 3 (ECF No. 10-1, at 4, 19-22).) On May 8, 2024, the SSA denied Plaintiff's claims at the reconsideration level. (Levin Decl. at ¶ 3(b) & Ex. 4 (ECF No. 10-1, at 4, 23-29).)

The denial decisions state:

> If you do not agree with this decision, you have a right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review the parts of the decision that you think are wrong and correct any mistakes. The ALJ may also review the parts of our decision that you think are right. We will make a decision that may or may not be in your favor.

(Levin Decl. at Ex. 4 (ECF No. 10-1, at 23, 27).) The decisions further instruct Plaintiff to submit any request for hearing in writing within 60 days and provide: "You must have a good reason for waiting more than 60 days to ask for a hearing." (Levin Decl. at Ex. 4 (ECF No. 10-1, at 23, 27).) Plaintiff did not request a hearing before an ALJ. (Levin Decl. at ¶ (3)(c) (ECF No. 10-1, at 4).)

### III.     Procedural Background

On May 8, 2024, Plaintiff initiated this action by filing an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application"). (ECF No. 1.) On May 13, 2024, the Court granted the Application and directed the Clerk to file Plaintiff's Complaint for Review of a Social Security Disability or Supplemental Security Income Decision (the "Complaint") and to serve the same on the Commissioner. (ECF Nos. 2, 3.)

Plaintiff's Complaint names the Disability Determination Services as the defendant but challenges the Commissioner's denial of Title II disability insurance benefits. (ECF No. 3, at 2, 3 (alleging that the "Commissioner stated my ability to work [was] not impacted without explanation").) Plaintiff's Complaint, which he executed on May 6, 2024, two days before the SSA's May 8, 2024 denial at the reconsideration level, references an appeal that has been

5

pending since March 2023. (ECF No. 3, at 3, 9.) Among the relief sought, Plaintiff asks the Court to modify the Commissioner's decision to grant benefits retroactive to the date of initial disability or, in the alternative, to remand to the Commissioner for reconsideration of evidence. (ECF No. 3, at 3.)

On July 10, 2024, the Commissioner filed a Motion to Dismiss for Lack of Jurisdiction (ECF No. 8) and a Motion for Summary Judgment (ECF No. 9). In the motion to dismiss, the Commissioner argues that Plaintiff's Complaint against the Disability Determination Services should be dismissed for lack of jurisdiction because the Commissioner of Social Security is the only proper defendant in a social security appeal. (ECF No. 10, at 4.) In the motion for summary judgment, the Commissioner contends that summary judgment should be entered in its favor because Plaintiff failed to exhaust administrative remedies. (ECF No. 10, at 6.)

Simultaneous with the motions, the Commissioner filed a Roseboro Notice informing Plaintiff that: (1) he had a right to file a response to the Commissioner's motions within 21 days; (2) the Court could dismiss the action and enter judgment in the Commissioner's favor based on the motions; and (3) any response filed must identify any factual disputes and set forth his version of the facts through affidavits or other responsive materials. (ECF No. 11.)

On August 14, 2024, having received no response from Plaintiff, the Court issued an Order advising Plaintiff that: (1) the Commissioner had filed motions that, if granted, could result in the dismissal of the action; (2) he had a right to file a response, including a legal brief, opposing the motions; (3) any response should also identify all facts stated by the Commissioner with which Plaintiff disagrees and set forth Plaintiff's version of the facts through affidavits or sworn statements; and (4) the Court could dismiss the action based on the Commissioner's motions if Plaintiff did not file a response. (ECF No. 12.) The Court ordered Plaintiff to file any

6

response to the Commissioner's motions within 21 days from the date of the Order or by September 4, 2024. (ECF No. 12.)

On August 21, 2024, Plaintiff filed an Affidavit and attachments in response to the Commissioner's motions. (ECF No. 13.) Thereafter, on August 27, 2024, the Commissioner filed a reply in support of his motion to dismiss and motion for summary judgment. (ECF No. 14.)

On February 26, 2025, Plaintiff filed a Motion for Summary Judgment, seeking judgment in his favor. (ECF No. 15.) Plaintiff argues that the Disability Determination Services "failed to adequately consider all relevant medical evidence" (ECF No. 15, at 2), resulting in an "unjust denial of . . . benefits" (ECF No. 15, at 1). On March 5, 2025, Defendant filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 16.) Defendant argues that Plaintiff's motion should be denied both on procedural and substantive grounds. (ECF No. 16, at 2.) Specifically, Defendant contends that the Court "lacks jurisdiction for want of the proper defendant" and that Plaintiff's motion is "not yet ripe" given his failure to exhaust administrative remedies. (ECF No. 16, at 2.)

### III. Analysis

#### A. The Disability Determination Services Will Be Dismissed as an Improper Party, and the Court Will Substitute the Commissioner as the Proper Defendant

The Commissioner first argues that this case should be dismissed for lack of subject matter jurisdiction because the Disability Determination Services is not a proper party to this action. (ECF No. 10, at 4.) Plaintiff's submissions fail to respond to this argument. Because the Commissioner of Social Security is the only proper party in actions challenging social security benefit decisions, the Court lacks subject matter jurisdiction over the Disability Determination Services and will substitute the Commissioner as the proper defendant in this action.

7

The Virginia Disability Determination Services is a state entity working in partnership with the SSA to make decisions on federal disability claims for benefits. *Brown v. Astrue*, No. 3:12-cv-312-JAG, 2013 WL 2182306, at *5 n.3 (E.D. Va. May 20, 2013). SSA regulations provide that state agencies, such as the Virginia Disability Determination Services, are "not responsible for defending in court any determination made, or any procedure for making determinations." 20 C.F.R. § 404.1615(f); *see also Brown*, 2013 WL 2182306, at *5 n.3.

Instead, because Plaintiff seeks review of a disability benefit decision under 42 U.S.C. § 405(g) (ECF No. 3, at 2), the only proper defendant in such an action is the Commissioner. *See* 42 U.S.C. §§ 405(g) & 405(h) (providing that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided" and identifying the "Commissioner of Social Security" as the proper party in any action seeking judicial review); 20 C.F.R. § 422.210(d) ("Where any civil action [seeking judicial review of a social security decision] is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant."). Therefore, the Court lacks subject matter jurisdiction over any claims asserted against the Disability Determination Services, and that entity must be dismissed as an improper defendant. *See, e.g.*, *Garrett v. Saul*, No. 3:19-cv-852, 2020 WL 2216913, at *1 n.2 (E.D. Va. May 7, 2020), *aff'd by* 829 F. App'x 660 (4th Cir. 2020) (quoting *Oden v. Colvin*, No. 3:15-cv-65-MHL, 2015 WL 4393410, at *2 (E.D. Va. July 9, 2015)) (dismissing an Appeals Officer as an improperly named defendant because "the Commissioner is 'the only proper defendant' in a complaint challenging the Commissioner's final decision"); *Oden*, 2015 WL 4393410, at *2 (finding the Commissioner the only proper defendant in "a complaint challenging the denial of disability benefits" and dismissing an ALJ named as a defendant because the Court "lacks subject matter jurisdiction

over any claims asserted against the ALJ"); *Brown*, 2013 WL 2182306, at *5 & n.3 (finding that claims against all parties other than the Commissioner of Social Security fail as a matter of law and dismissing an ALJ and the Commissioner of the Virginia Department of Rehabilitative Services as improper defendants).

While the Commissioner asks that the Complaint be dismissed in its entirety for failure to name the proper defendant, in the interests of justice and judicial economy, the Court finds the dismissal of the improper defendant and substitution of the proper defendant the appropriate remedy for several reasons. First, in construing the *pro se* pleadings liberally, Plaintiff's Complaint challenges actions taken by the Commissioner even though it erroneously names the Disability Determination Services as the defendant. (*See, e.g.*, ECF No. 3, at 2, 3 (alleging that the "Commissioner stated my ability to work [was] not impacted without explanation").) Second, SSA regulations contemplate a mechanism short of dismissal in which a plaintiff can substitute the correct defendant, the Commissioner, for an incorrect defendant where a complaint is "erroneously filed" against entities or persons other than the Commissioner. 20 C.F.R. § 422.210(d) ("If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner, the plaintiff will be notified that he has named an incorrect defendant and will be granted 60 days from the date of receipt of such notice in which to commence the action against the correct defendant, the Commissioner."). Third, substitution will not result in prejudice to the Commissioner, who has received service of Plaintiff's Complaint, appeared in this case, and defended this case. (ECF Nos. 4, 8, 9.) Therefore, the Court will dismiss the Disability Determination Services and substitute Leland Dudek, Acting Commissioner of Social Security, as the proper defendant. *See, e.g.*, *Kabando v. United States*, No. 1:15-cv-1040 (JCC/JFA), 2015 WL 5052665, at *4 (E.D. Va.

9

Aug. 26, 2015) ("In the interest of judicial efficiency and in its inherent authority to manage its docket, a district court can issue an order *sua sponte* that substitutes the proper defendant in a case where Plaintiff is proceeding *pro se*.").

### B. The Court Will Grant the Commissioner's Motion for Summary Judgment Because Plaintiff Has Failed to Exhaust Mandatory Administrative Remedies

The Commissioner next argues that summary judgment should be granted in his favor because Plaintiff failed to exhaust administrative remedies prior to bringing this lawsuit. (ECF No. 10, at 6.) In response, Plaintiff states that he "feel[s] confident that [he] ha[s] exhausted all options to gain help directly with" the SSA. (ECF No. 13, at 2.) The undisputed facts, however, demonstrate that Plaintiff has *not* received a final decision of the Commissioner, a requirement to obtain judicial review.

The Social Security Act permits judicial review only after a claimant has obtained a final decision. Specifically, the Act states: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency *except as herein provided*." 42 U.S.C. § 405(h) (emphasis added). It in turn provides:

> Any individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he [or she] was a party, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action* commenced within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). In doing so, "Congress made clear that review would be available only 'as herein provided' – that is, only under the terms of § 405(g)." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019).

"By requiring a final decision of the Commissioner as a condition for judicial review, § 405(g) effectively mandates exhaustion of administrative remedies as a prerequisite for filing suit." *L.N.P. v. Kijakazi*, 64 F.4th 577, 583 (4th Cir. 2023). Under applicable regulations,

claimants must complete a four-step administrative review process to exhaust administrative remedies and thereby obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a), 416.1400(a).

> First, the claimant must seek an initial determination as to his [or her] eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.

*L.N.P.*, 64 F.4th at 583-84 (quoting *Smith*, 587 U.S. at 475). Section 405(g) does not entitle a claimant to judicial review in federal court until all four steps have been exhausted. *Id.*

Here, the undisputed facts show that Plaintiff has completed only the first two steps of the four-step administrative review process. Specifically, at step one, Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on March 14, 2022. (Levin Decl. at ¶ (3)(a) & Ex. 1 (ECF No. 10-1, at 3, 5-9).) Following the March 7, 2023 initial denial of his claims, Plaintiff sought reconsideration at step two on March 13, 2023. (Levin Decl. at ¶¶ 3(a), 3(b) & Exs. 2 & 3 (ECF No. 10-1, at 4, 10-22).) Plaintiff's claims at step two were denied on May 8, 2024. (Levin Decl. at ¶ 3(b) & Ex. 4 (ECF No. 10-1, at 4, 23-29).) The undisputed facts show that Plaintiff did not request a hearing by an ALJ as required by step three of the administrative review process. (Levin Decl. at ¶ (3)(c) (ECF No. 10-1, at 4).)

Although Plaintiff contends that he "feel[s] confident" that he "exhausted all options" (ECF No. 13, at 2), this statement fails to create a genuine, material dispute which would preclude summary judgment for many reasons. First, Plaintiff executed his Complaint on May 6, 2024, two days before the denials at the reconsideration level, and submitted the Complaint the same day as the May 8, 2024 denials at step two. (ECF No. 3.) Therefore, Plaintiff could not have exhausted his administrative remedies at steps three and four at the time he filed this action. Second, Plaintiff's Complaint references an "appeal pending since March 2023," which

coincides with the date of Plaintiff's reconsideration request at step two. (ECF No. 3, at 3.) Thus, Plaintiff's own allegations acknowledge that he has not yet obtained a final decision of the Commissioner. (ECF No. 3, at 4.) Third, the Commissioner's evidence establishes that Plaintiff did not request a hearing before an ALJ as required by step three. (Levin Decl. at ¶ (3)(c) (ECF No. 10-1, at 4).) Plaintiff does not dispute this, and his own submissions indicate he failed to exhaust administrative remedies. Specifically, Plaintiff submits what appears to be a screenshot showing that "5 of 5 steps of [Plaintiff's] appeal" has been processed at the reconsideration level. (ECF No. 13, at 15.) The final step indicates that a decision to deny Plaintiff's appeal has been made in May 2024 but further states:

> If you disagree with the decision, you may request an appeal within 60 days of the date of your decision notice. If you wish to appeal your medical denial, you may file an appeal online. If you need assistance with your appeal, please contact your local Social Security office.

(ECF No. 13, at 15.) Plaintiff does not contend that he requested a further appeal. Therefore, the undisputed facts establish that Plaintiff has not received a final decision of the Commissioner—a prerequisite for filing suit.

Although the exhaustion requirement may be excused, the record before the Court does not establish the exceptional circumstances which would excuse compliance with 42 U.S.C. § 405(g). The exhaustion requirement may be excused when: (1) claims in the lawsuit are collateral to claims for benefits; (2) irreparable harm will result from enforcing the exhaustion requirement; and (3) exhaustion would be futile. *L.N.P.*, 64 F.4th at 584 (quoting *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). None of these conditions are satisfied here.

First, Plaintiff's claims, which challenge the denial of benefits, are not collateral to a claim for benefits. While Plaintiff appears to raise procedural violations as well, including a denial of the right to a speedy trial (ECF No. 3, at 3) and "failure to implement necessary

improvements in the[] evaluation process" (ECF No. 15, at 3), any such alleged violations are "inextricably intertwined" with Plaintiff's claim for benefits. *L.N.P.*, 64 F.4th at 587. Therefore, Plaintiff must seek recourse through the administrative process first. *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 614 (1984)) (finding that claims for procedural violations that are "'inextricably intertwined' with [plaintiff's] claims for benefits . . . should be channeled first into the administrative process").

Second, Plaintiff has not shown that he would sustain irreparable injury due to the exhaustion requirement. While Plaintiff's submissions discuss financial issues he has experienced due to the denial of benefits (ECF No. 13, at 2), economic hardship alone "is not the kind of equitable condition for which courts have excused exhaustion of the administrative process." *L.N.P.*, 64 F.4th at 588.

Third, Plaintiff has not shown futility in the exhaustion requirement. Even if a final decision on Plaintiff's appeal does resolve his concerns, requiring Plaintiff to exhaust his administrative remedies before seeking judicial intervention serves the purpose of providing the SSA the "'opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" *Id.* at 584 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)) (emphasis removed). In other words, exhaustion will provide both Plaintiff and this Court "the benefit of reviewing SSA's decision in light of a reasoned explanation" as to how the benefit decision was made and is therefore "a significant and valuable procedural step." *Id.* at 589.

### C. Plaintiff's Motion for Summary Judgment Will Be Denied as Premature

In his Motion for Summary Judgment, Plaintiff moves for entry of judgment in his favor based on an "unjust denial" of benefits. (ECF No. 15, at 1.) Specifically, Plaintiff asserts that the Commissioner "has failed to adequately consider all relevant medical evidence" supporting

13

his disability. (ECF No. 15, at 2.) Plaintiff's Affidavit also attaches medical evidence which he contends supports his disability claims. (ECF No. 13.) The Commissioner argues that Plaintiff's motion should be denied for multiple reasons, including because "Plaintiff has failed to exhaust his administrative remedies . . . ." (ECF No. 16, at 2.)

At this time, the Court declines to consider the medical evidence or review the denials of benefits, initially or on reconsideration, given the dismissal based on Plaintiff's failure to exhaust administrative remedies. Such evidence and arguments must be submitted to and considered by the SSA in the first instance, with Plaintiff bringing a judicial challenge only after having exhausted administrative remedies. *See Smith*, 587 U.S. at 488 ("Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question. The Court's cases discussing exhaustion in the Social Security context confirm the prudence of applying this general principle here, where the agency's final decisionmaker has not had a chance to address the merits at all.") (internal citations and quotations omitted). Therefore, the Court will deny Plaintiff's Motion for Summary Judgment as premature.

## IV. Conclusion

If Plaintiff wishes to challenge the denial of social security benefits, he must first exhaust mandatory administrative remedies and obtain a final decision from the Commissioner. Until then, any civil action challenging the benefits denial is premature. For the reasons set forth above, the Court will GRANT IN PART Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 8), DISMISS the Disability Determination Services from this action as an improper defendant, and SUBSTITUTE the Commissioner of Social Security as the proper defendant with respect to Plaintiff's claims. Further, the Court will GRANT Defendant's Motion for Summary

Judgment (ECF No. 9), DENY Plaintiff's Motion for Summary Judgment (ECF No. 15), and DISMISS WITHOUT PREJUDICE Plaintiff's claims.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: March 14, 2025